(164 App. Div. 180)

PEOPLE ex rel. LENAHAN v. GRIFENHAGEN, Register of New York County. (No. 6103.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

OFFICERS (§ 72*)—REMOVAL—MISCONDUCT—EVIDENCE.

On evidence in a proceeding to review the dismissal of a Spanish War veteran, *held*, that a finding that relator had been guilty of misconduct in willfully absenting himself without leave, and without notice of his sickness or inability to appear for work, was not against the weight of the evidence.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 101–103, 105–107; Dec. Dig. § 72.*]

Certiorari by the People, on the relation of Eugene T. Lenahan, against Max F. Grifenhagen, as Register of the County of New York, to review proceedings of the respondent in removing relator from the position of clerk in the office of the Register of the County of New York. Writ dismissed, and proceedings affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Ernest W. Kelsey, of New York City, for relator.

Terence Farley and Leon N. Futter, both of New York City, for respondent.

INGRAHAM, P. J. The relator was a Spanish War veteran. He was appointed in May, 1901, as recording clerk in the office of the register of the county of New York and held that position until July, 1904, when he was promoted to the position of clerk in the office of the register, and held that position until May 18, 1912, when he was dismissed from his position. His dismissal was the result of a hearing before the register, based upon certain charges presented.

Those charges were that the relator had willfully and without leave absented himself from the register's office on February 5 and 6, 1912, and that he had failed to notify the register's office during the forenoon of February 5th that he was sick or unable to appear for work on that day; that he neglected to obey an order of the chief clerk of the register's office over the telephone on February 5, 1912, to appear at the register's office immediately. Subsequently other charges were presented against the relator, that he willfully and without leave absented himself from the register's office on February 15, 16, 17, 19, 20, 21, 23, 1912, and that he willfully neglected and failed to notify any of his superior officers at the register's office during the forenoon of February 15, 1912, that he was sick or unable to appear for work on that day, and of the cause of his absence, and where he could be found. On the hearing before the register, he introduced testimony tending to show that he was sick on those days.

The register, by his return to the writ, says that after duly and carefully considering the charges and specifications against the relator and the testimony of the witnesses in support of both sets of charges, and also the testimony and exhibits offered and received in

behalf of the relator in support of his defense to said charges, and after the exercise of his best judgment and discretion, he determined that the relator was guilty of both of said charges of misconduct, and he dismissed the relator from his position in the office of the register.

By section 22, c. 15, Laws of 1909, the Civil Service Law, as amended by chapter 264, Laws of 1910, the relator, having served in the army or navy during the war with Spain, could not be removed "from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employé or  appointee to a review by a writ of certiorari." The relator does not deny that he was absent from the register's office on the days specified, nor does he deny that he did not report, either in writing or by telegram, or in any other way, to the register's office in the forenoon that he was sick and unable to be present; but he offered testimony which tended to prove that on these days he was sick and unable to attend to his work. The examination of the testimony shows that the relator was suffering from some impairment of health in consequence of a previous attack of pneumonia, from which he had not thoroughly recovered. There was also testimony from which the register could find that the relator was not sufficiently unwell to prevent his performing the duties of his office.

It seems that the relator had been before the register on two prior occasions for failure to report or to perform his duties, and on both occasions, in dismissing the charges, the register had notified the relator, in case he was sick, to notify the register's office by telephone or in writing on the forenoon of the day, and also to notify the register where he could be found. These warnings were given on December 12, 1911, and January 30, 1912. The evidence of the relator as to his conduct on February 5th, when he left his house and says he stayed at his physician's house all day, substantially from 12:40 to 6 o'clock at night, and the testimony as to his physical condition subsequently on the days in February when he was absent, is quite unsatisfactory. He seems to have been able to walk about and go out of doors, and his condition was not such as required a physician. All he did was to call his doctor up on the telephone and have a conversation with him. It is clear that this relator was not a competent clerk, and that he was continually absent from the register's office, and failed to perform his duties, and failed to comply with the orders of his superior officers that he should notify the office of his absence and of his whereabouts. There was competent evidence to sustain the charges, and we cannot, therefore, say that the finding of the register was against the weight of the evidence.

The writ should therefore be dismissed, and the proceedings affirmed, with $50 costs and disbursements. All concur.